FILED
2010 FEB 16 PM 3: 25
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUY WATKINS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| SANTIAGO TORRES, ANDREW | § | **A10CA110 LY** |
| MICHAEL, PAUL RHODES, SAM | § | |
| HOLT, HUBERT ACEVEDO | § | |
| INDIVIDUALLY AND AS OFFICERS | § | |
| IN THE AUSTIN POLICE | § | |
| DEPARTMENT, AUSTIN POLICE | § | |
| DEPARTMENT AND THE CITY OF | § | |
| AUSTIN | § | |
| Defendants. | § | |

## PLAINTIFF, GUY WATKINS'S, ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Guy Watkins, hereinafter called Plaintiff, complaining of and about Santiago Torres, Andrew Michael, Paul Rhodes, Sam Holt, Hubert Acevedo, the Austin Police Department and the city of Austin hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1. Plaintiff Guy Watkins, is a citizen of the United States and the State of Texas and resides in Travis County, Texas.

2. Defendant Santiago Torres, an Individual who is a resident of Texas, may be served with process at his place of employment at the following address: 4201 Ed Bluestein Blvd., Austin, Texas 78721. Service of said Defendant as described above can be effected by personal

1

delivery.

3. Defendant Andrew Michael, an Individual who is a resident of Texas, may be served with process at his place of employment at the following address: 404 Ralph Ablenedo Dr., Austin, Texas 78748. Service of said Defendant as described above can be effected by personal delivery.

4. Defendant Paul Rhodes, an Individual who is a resident of Texas, may be served with process at his place of employment at the following address: 812 Springdale, Austin, Texas 78702. Service of said Defendant as described above can be effected by personal delivery.

5. Defendant Sam Holt, an Individual who is a resident of Texas, may be served with process at his home at the following address: 11102 Wandering Way, Austin, Texas 78754-2034. Service upon this Defendant can be effected by personal delivery.

6. Defendant Hubert Acevedo, an Individual who is a resident of Texas, may be served with process at his place of employment: 715 East Eighth Street, Austin, Texas 78701.

7. Defendant Austin Police Department (hereinafter APD) may be served with citation by serving Hubert Acevedo, the Chief Executive Officer at 715 East Eighth Street, Austin, Texas 78701.

8. Defendant City of Austin may be served with citation by serving Lee Leffingwell, Mayor of Austin at 301 W 2nd St., Austin, Texas 78701.

## JURISDICTION

9. The action arises under 42 USC 1983, and this court has jurisdiction under 28 USC 1343(a)(3) as hereinafter more fully appears.

10. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

2

## VENUE

12. All, or almost all, of the acts or omissions giving rise to this complaint occurred in the Austin Division of the Western District of Texas.

## NATURE OF ACTION

13. This is an action under Title 42 U.S.C. Section 1983 to redress wrongful acts under color of law.

14. There is supplemental jurisdiction for the State law claim of Malicious Prosecution.

15. There is supplemental jurisdiction for the State law claim under the Texas Whistleblower act. TX GOVT 554.001, et seq.

## CONDITIONS PRECEDENT

16. All conditions precedent to this suit have been met.

## FACTS

17. At all times relevant to this suit, Santiago Torres, Andrew Michael Paul Rhodes, and Sam Holt were acting in their official capacity as Austin Police Officers.

18. On February 17, 2008 Austin Police Officers Santiago Torres, Andrew Michael and Paul Rhodes responded to a call from Daren Arneson, a neighbor of Guy Watkins. Guy Watkins resides at and the officers responded to 8916 Kimono Ridge in the City of Austin.

19. Officer Andrew Michael interviewed the witness, Daren Arneson, a neighbor a few doors down, who stated that the man who was pushed to the ground was wearing a black shirt. Andrew Michael should have relayed this information to Santiago Torres because it would have exonerated Guy Watkins as the perpetrator of any offense, and shown that if anything, he was a victim, thus there would have been no probable cause to arrest him.

20. Mr. Watkins was wearing a black shirt and the other person at the dispatched

3

address was not wearing a black shirt, this raised the inference that Guy Watkins was the victim, not the perpetrator of this incident.

21. After Lieutenant Rhodes arrived at the location, APD personnel began to interrogate Guy Watkins.

22. Guy Watkins requested to confer with CLEAT (legal representation) at this time.

23 Lieutenant Paul Rhodes, the highest ranking officer on duty, stated: he was taking over the investigation.

24. Lieutenant Paul Rhodes stated he would be the one to make the final decision in this case.

25. Under TX GOVT CODE 143.312, the same person may not conduct the investigation and be the final decision maker in the investigation of a police officer.

26. After Mr. Watkins informed Lt Paul Rhodes he would not give a statement, Paul Rhodes ordered Mr. Watkins to give a statement, invoking his authority as a higher-ranking Austin Police Department Officer, in violation of the, 4th, 5th, 6th and 14th amendments of the United States Constitution.

27. Mr. Watkins was not given a *Garritty* warning. *Garrity v. State of New Jersey*, 395 U.S. 483, 87 S.Ct. 616. Under the Collective Bargaining Agreement's clauses regarding rights arising out of Garrity, Mr. Watkins was entitled to 48 hour notice to obtain counsel before being compelled to give a statement. *See* APD Manual. Lieutenant Rhodes ordered Guy Watkins to answer in violation of Mr. Watkins 4th, 5th, 6th and 14th Amendment rights

28.: The officers on the scene entered Guy Watkins's home without a warrant, without legal consent, without probable cause and without exigent circumstance or any legal authority under Texas's Code of Criminal Procedure.

4

29. On a second occasion at the scene the officers re-entered the residence at the Sergeant's direction without a warrant or legal reason to do so.

30. Based on these events, Santiago Torres swore to an affidavit in support the issuance of a warrant.

31. The warrant lists only conclusory information about who the aggressor was. No reasonable magistrate could have determined that there was probable cause to arrest Guy Watkins based on the affidavit.

32. The affidavit in support of the warrant does not connect the injury to any action by Mr. Watkins.

33. The affidavit omits exculpatory information in violation of *Franks v. Delaware*, 438 U.S. 154, specifically: the affidavit to support the issuance of a warrant omitted eyewitness evidence favorable to Mr. Watkins. Specifically in his affidavit, Santiago Torres did not make the magistrate aware of the witness statement that the man in the black shirt was pushed to the ground by the other man and that Mr. Watkins was wearing a black shirt. It also omitted the fact that the other person was wearing a black shirt.

34. Based on this event Santiago Torres affirmatively misrepresented the facts in an affidavit to support the issuance of a warrant. He knew at the time of swearing the affidavit that the injury was not a result of the conduct seen by the eyewitness. He knew at the time of the swearing of the affidavit that inclusion of the exculpatory information would have eviscerated probable cause.

35. Lieutenant Rhodes, using his authority as the highest ranking officer on duty, ordered the arrest of Guy Watkins.

36. Steve Urias, the Detective in charge of approving affidavits and forwarding them to

the magistrate, did not have the authority to disobey Lieutenant Rhodes decision to arrest Guy Watkins.

37. The affidavit was attached to the warrant, so these irregularities were apparent to the serving officer.

38. The officer serving the warrant was personally aware of what had occurred and had actual knowledge of the lack of probable cause.

39. Such act occurred at the direction of Lieutenant Rhodes, the night shift commander, who was the highest ranking officer in the chain of command at the time.

40. The arresting officers were aware that they lacked probably cause and statutory authority to arrest under Chapter 14 of the Tex. Code of Crim. Pro. Such lack of probable cause was illustrated in the information witness Daren Arneson provided which exonerated Watkins. Moreover, Lieutenant Rhodes illustrated that he willfully ignored this information, by his comments heard on video tape wherein, he says, "We cannot tell . . . it's 50-50 who the aggressor is." Thus, the only conclusion one can draw is that the police decided to ignore the exculpatory evidence, then falsely presented a fifty-fifty tie, then broke the tie based upon an improper basis to determine probable cause, namely prejudice, that is: Officer Watkins was in a same-sexed, life partner relationship.

41. Austin police department has a history of prejudice against homosexuals as evidenced by the lawsuit filed by Deborah Sawyer et. al. (D-1-GN-08-003338)

42. The incident's investigating unit failed to timely forward the results of its initial investigation into the basis of Plaintiff's arrest to the County Attorney.

43. The Austin Police Department did not forward subsequent investigative reports regarding the altercation to the County Attorney.

44. Guy Watkins filed a complaint against the other officers as a result of this case.

45. Austin Police Department Policies mandate an investigation of all complaints.

46. Austin Police Department did not investigate all of the allegations raised in Mr. Watkins's complaint.

47. Brian Miller, Integrity Crimes Unit (ICU) detective, interviewed the witness from 5 houses down the street who Complained of Guy Watkins. In that interview, the witness signed a statement exculpating Guy Watkins while the warrant was being prepared.

48. This interview was completed before the warrant issued.

49. The county attorney requested the report from integrity crimes unit on numerous occasions.

50. The Integrity Crimes Unit completed the investigation on March 3, 2008.

51. The County Attorney never received the report from integrity crimes unit.

52. On August 7, 2008 Internal Affairs completed their investigation and cleared Guy Watkins.

53. On August 7, 2008 the Office of the Police Monitor completed their investigation and cleared Guy Watkins.

54. The County Attorney eventually dismissed the case.

55. The County Attorney never received the witness statement.

56. As a result of the above, Guy Watkins was arrested, detained, forced to make bail and needed to hire an attorney to face criminal charges.

57. As a result of above, Guy Watkins' reputation as an officer was damaged due to the wide knowledge of the arrest.

58. APD had policies in place, specifically the lack of discretion of the approving

Detective to deny the warrant which led to these damages.

59. In an officer involved incident, all aspects of the investigation are taken over by the lieutenant in charge. The warrant review detective is not permitted to deny approval of the warrant in these cases.

60. Lieutenant Paul Rhodes was the Lieutenant who was in charge at the time.

61. Had this warrant been subject to the normal review of an arrest of a private individual of no particular interest to the APD, no arrest would have occurred.

62. Santiago Torres, Andrew Michael and Paul Rhodes, as police officers, and APD wrongfully searched Guy Watkins residence, seized his duty weapon, detained, instituted and maintained a criminal complaint against Guy Watkins under color of law in violation of 42 USC 1983.

63. Santiago Torres, Andrew Michael and Paul Rhodes and APD caused a criminal prosecution to be commenced and continued against Guy Watkins with malice and without probable cause. Mr. Watkins was innocent and the criminal suit was terminated in his favor. Defendants are liable for Malicious Prosecution under Texas Law.

64. On April 20, 2008, Guy Watkins filed a grievance alleging numerous violations in his arrest, detailed above.

65. On May 2, 2008 Assistant Chief Holt sent a memo to Guy Watkins referring the matter to internal affairs.

66. On or about September 4, 2008 Lieutenant Bastow called Guy Watkins. Lieutenant Bastow stated that Internal Affairs only received a complaint for lying, and they cleared the officer and the Sergeant and sustained on Paul Rhodes for violating 5th amendment rights. Assistant Chief Holt gave Rhodes a reprimand and reported it as a training issue.

67. No investigation was made into any of the other alleged misconduct by the arresting officers.

68. On or about September 11, 2009 Plaintiff submitted an open records request to APD and City of Austin regarding, among other things, Assistant Chief Holt's involvement in the above mentioned incident.

69. On September 25, 2009 City of Austin filed exceptions to the request with the Attorney General.

70. Between October 11, 2009 and October 16, 2009, APD drafted a memo placing Guy Watkins on Administrative duty due to an on duty accident which had occurred on January 22, 2006.

71. This memo was received by Guy Watkins on October 23, 2009.

72. In this Memo, signed by Assistant Chief Holt, APD demands that Guy Watkins take a course of treatment contrary to his worker's compensation doctor's recommendation.

73. Assistant Chief Holt commanded Guy Watkins worker's compensation doctor to take a particular course of treatment.

74. Assistant Chief Holt is not licensed to practice medicine in the State of Texas.

75. There had been no change in the pain medication or treatment plan in the year before this memo was drafted.

76. This placement on no duty status was not instigated or begun by any of the intermediate Chain of Command between Guy Watkins and Assistant Chief Holt.

77. This was done within 90 days of the public records request regarding Assistant Chief Holt.

78. Typically any issues like this are raised through his Supervising Sergeant or

Supervising Lieutenant.

79. At the time of this action, Guy Watkins was supervised by Sergeant Suitt and Lieutenant Scales.

80. Sergeant Suitt and Lieutenant Scales (the intermediate chain of command between Guy Watkins and Assistant Chief Holt) were not even consulted or made aware of this before Guy Watkins was placed on No-Duty status or administrative leave.

81. Upon receipt on October 23, 2009 Guy Watkins had to turn in his Badge and Access card, was not permitted to do any law Enforcement related moonlighting or work overtime.

82. On August 27, 2009 Sergeant Suitt completed Guy Watkins's duty evaluation. Sergeant Suitt rated Guy Watkins highly effective, and no concerns due to his prior injury or treatment were mentioned.

83. In the comment section of the evaluation, Sergeant Suitt said Guy Watkins was "at or near the top of his shift in all categories of activity."

84. On October 30, 2009 Guy Watkins was placed on limited duty status and his badge and access cards were returned. Lieutenant Scales said that this was because the initial sanction was too harsh. He was still not permitted to work overtime or moonlight.

85. On November 4, 2009, Plaintiff submitted an open records request to JI Companies, the workers compensation carrier for the City of Austin (hereinafter JI) about all communications between JI and APD. Assistant Chief Holt was mentioned by name.

86. On November 9, 2009, Guy Watkins received a letter from and signed by Chief Acevedo stating that his placement on administrative duty was solely safety related. He required a medical certificate to place Guy Watkins back on Active Duty.

87. On November 12, 2009, Guy Watkins received an email from risk management for

the city of Austin, noting their receipt of the open records request.

88. On November 19, 2009, Guy Watkins requested a formal investigation into his placement on no duty and limited administrative duty.

89. As of the date of the filing of this suit, no notice of any investigation has been forwarded to Guy Watkins.

90. As of the date of the filing of this suit, no investigation has begun.

91. On November 23, 2009, Guy Watkins received a memo from Chief Acevedo, purporting to invoke his statutory authority to require a fitness for duty letter.

92. On November 24, 2009, at a meeting requested by Guy Watkins and attended by Lieutenant McIlvain (risk management), Lieutenant Johnson (attending on behalf Mr. Watkins' supervising Lieutenant and Sergeant Suitt; these issues were discussed in an attempt to resolve them. Lieutenant McIlvain ordered Guy Watkins to have a doctor complete the medical fitness paperwork.

93. On or about December 17, 2009, Guy Watkins provided a packet of information to the director of the Civil Service Commission; this included the medical fitness paperwork.

94. Guy Watkins brought in the Association Chief to mediate the dispute and as a result of such on or about January 18, 2010, Guy Watkins was returned to Full Duty Status.

95. This dispute resolution process was begun and completed within 90 days of the date Guy Watkins learned of his personnel adverse action.

96. But for this change of Duty Status, Guy Watkins would have earned overtime.

97. But for this change in duty status, Guy Watkins would have worked private security and earned additional money

98. But for this change of duty status, Guy Watkins would have been able to take care

11

of matters during the nine to five day at some times and would not have had to use vacation leave.

99. The damages listed in paragraphs 96-98 were suffered due to retaliation for his complaint to internal affairs dated April 20, 2008 and his Open Records Request dated September 11, 2009.

## RATIFICATION, DELIBERATE INDIFFERENCE

100. Whenever in this complaint it is alleged that the Defendant, Austin Police Department, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant; or it was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

101. Whenever in this complaint it is alleged that the Defendant, City of Austin, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant; or it was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## DAMAGES

102. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a.    Lost wages from working as an off duty police officer.

    b.    Loss of overtime normally granted to police officers.

    c.    Bail.

    d.    Attorney's fees in defending the criminal case.

e. Attorney's fees in expunging the arrest and case.

f. Emotional damage.

g. Damage to Guy Watkins' personal and professional reputation

h. Loss of vacation used in taking care of business Monday – Friday between October 23, 2009 and January 18, 2010, when but for the improper suspension he would have been able to arrange the meeting around scheduled duties.

i. Attorney's fees, filing fees and expenses in bringing this case.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Guy Watkins, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: *Jason Weiss*
Jason Weiss, Attorney at Law
Texas Bar No. 24060809
417 San Pedro
San Antonio, Texas 78212
Tel. (210)212-6688
Fax. (210)225-4469
Attorney for Plaintiff

By: _____
Ben Sifuentes, Attorney at Law
Sifuentes & Locke LLP
Texas Bar No. 18346200
417 San Pedro
San Antonio, Texas 78212
Tel: (210) 281-0438
Fax: (210) 225-4469
Attorney for Plaintiff
Guy Watkins

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**